UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>    Plaintiff/Respondent, )<br> )<br>V. )<br> )<br>DARRELL EVERSOLE, )<br> )<br>    Defendant/Petitioner. ) | Criminal Action No. 6: 05-34-DCR<br>Civil Action No. 6: 08-7032-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*** *** *** ***

This matter is pending for consideration of Petitioner Darrell Eversole's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 52] In accordance with local practice, this motion was referred to United States Magistrate Judge Robert E. Wier for initial consideration. On October 14, 2009, Magistrate Judge Wier issued a Recommended Disposition in which he recommended that the Petitioner's motion be denied. [Record No. 63] Eversole filed objections to Magistrate Judge Wier's Recommended Disposition on November 4, 2009. Having reviewed all matters relevant to the Petitioner's motion, the Court concludes that the Recommended Disposition should be adopted in full. Accordingly, the Petitioner's motion will be denied.

**I.**

The facts relevant to the Petitioner's conviction are outlined in the Magistrate Judge's Recommended Disposition. As Magistrate Judge Wier explained, Eversole was arrested on January 15, 2004, on Interstate 75 while driving a stolen car containing several leaking tanks of

anhydrous ammonia.[1] Due to the toxicity of this chemical, a portion of the interstate had to be closed for approximately three hours so the area could be decontaminated. As traffic backed-up, a collision occurred several miles from the scene of the incident, resulting in the death of a seventy-one year old man traveling from Wyoming, Michigan. Eversole was taken into state custody, but released when a state indictment was not returned within sixty days.

Approximately one year after the interstate incident, Eversole's home was searched by the Laurel County, Kentucky Sheriff's Department and the United States Forest Service. The search revealed large quantities of items used in manufacturing methamphetamine. Eversole lived at this location with his wife and two children. During the search, Eversole's wife acknowledged that Eversole manufactured methamphetamine at this location. Eversole's two children were taken from the home and placed in the custody of child protective services.

Eversole was indicted on April 28, 2005, for conspiring to manufacture fifty grams or more of methamphetamine (Count 1); attempting to manufacture fifty grams or more of methamphetamine (Count 2); possessing a measurable quantity of pseudoephedrine while knowing it would be used to manufacture methamphetamine (Count 3); and two counts of endangering human life while illegally manufacturing methamphetamine (Counts 4 & 5).[2] On September 21, 2005, Eversole entered a guilty plea to Counts 1, 4 and 5. At the time of the guilty plea, Eversole confirmed that he understood the charges against him and that he was very satisfied with his attorney. Additionally, the Petitioner acknowledged that he had reviewed his

---

[1]  Anhydrous ammonia is used to manufacture methamphetamine.

[2]  Both Counts 1 and 5 relate to the conduct beginning around January 15, 2004.

written Plea Agreement with counsel and that he fully and completely understood its terms, including the waiver provisions contained in paragraphs 7 and 8. According to Eversole, the Plea Agreement also reflected all promises that had been made to him and that no threats had been made to persuade him to enter a guilty plea. [Record Nos. 33 & 42]

Eversole was sentenced on January 23, 2006, to a total term of imprisonment of 327 months, to be followed by five years of supervised release. [Record No. 36] Thereafter, he appealed his sentence to the United States Court of Appeals for the Sixth Circuit. [Record No. 37] However, his direct appeal was unsuccessful. On May 31, 2007, the Sixth Circuit affirmed this Court sentencing determination. [Record No. 48] Although Eversole petitioned the Supreme Court for a writ of certiorari, that petition was denied on November 26, 2007. [Record No. 51] Having exhausted his direct appeal, the Petitioner filed a motion under 28 U.S.C. § 2255 on September 11, 2008.

## II.

Eversole raised five grounds for relief in his habeas petition. Four of these grounds challenge the circumstances of his guilty plea and execution of his Plea Agreement while the final ground challenges the effectiveness of his attorney during the sentencing phase of his case. Each of these arguments are fully addressed by the Magistrate Judge in his Recommended Disposition.

    1.    *The Effect of the Waiver Provision on Eversole's Claims of Ineffective Assistance of Counsel Regarding Negotiation of the Waiver Provision (Ground One)*

Because Eversole's first claim presents a purely legal question concerning the potential impact of the wavier contained in his Plea Agreement on his habeas petition, the Court must consider whether other grounds for relief are shown to exist.[3]

2.   *Claim of Coercion and Intimidation (Grounds Two, Three, and Four)*

Eversole did not attempt to challenge his Plea Agreement on direct appeal.  However, he now claims that he entered a guilty plea pursuant to the Plea Agreement because the United States threatened to prosecute his wife if he refused (Grounds Two and Three).  Additionally, he contends that his trial counsel provided "material misadvice" regarding the alleged threats and the potential plea agreement (Ground Four).  Eversole bears the burden of establishing his claims of coercion and intimidation by a preponderance of evidence.  *McQueen v. United States*, 58 Fed. App'x 73, 76 (6th Cir. 2003) (per curiam).  While Eversole attempts to meet this burden by offering his affidavit, nothing in the record, including Eversole's sworn statements during the Rule 11 plea colloquy, supports his claim.[4]

---

[3]   As the Magistrate Judge correctly notes, as a general matter, challenges to the validity of a plea agreement cannot be waived.  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  However, a collateral attack will be unavailing where a defendant does not articulate the basis for his or her challenge to the validity of a guilty plea and it is demonstrated that the waiver is knowing and voluntary.  *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

[4]   
> An appropriately conducted Rule 11 colloquy can only serve meaningfully if the court is entitled to rely on the defendant's statements made under oath to accept a guilty plea . . . To view the Rule 11 plea colloquy as a procedural game in which pieces are moved and manipulated to achieve a result that can beat the system established for providing due process to the defendant undermines that very process.

*United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003).

The undersigned agrees with the Magistrate Judge that Eversole's affidavit hardly provides the evidentiary detail to support such a claim of coercion and intimidation. In this regard, the Magistrate Judge also points out that the written Plea Agreement was the subject of last-minute modifications. Had the United States possessed the leverage claimed by Eversole, it is unlikely that such modifications would have been necessary. While this factor is not dispositive, it is relevant.

The Court also concludes that *even if* the government had made threats to prosecute Eversole's wife as part of the plea negotiations, such threats would be based upon probable cause of criminal conduct. Therefore, they would not serve as the basis for a collateral challenge to Eversole's guilty plea. *Doe v. United States*, 85 F.3d 628, 632 (6th Cir. 1996) (per curiam) (table).[5] Accepting this argument, the Magistrate Judge aptly distinguished the tenth circuit decision relied upon by Eversole. And where, as here, the record conclusively establishes that the Petitioner is not entitled to the relief sought, no hearing is necessary. 28 U.S.C. § 2255(b).[6]

Eversole also argues that his attorney provided "material misadvice" regarding the alleged threats to prosecute his wife and concerning the punishment he would receive if he proceeded to trial and was convicted. The Magistrate Judge evaluated this related claim under the standard outlined in *Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006).

---

[5] In support of this argument, the United States points to the quantity of drugs and supplies found at Eversole's residence, the fact that two children were removed from the residence, and the fact that his wife was present at the time of the search and acknowledged that Eversole was manufacturing methamphetamine. Under such circumstances, Eversole's wife would have had to be aware of the illegal drug activities and the potential dangers presented to the children in the residence.

[6] Eversole repeats these same arguments at pages 6-13 of his objections to the Magistrate Judge's Recommended Disposition.

> The Supreme Court stated in *Hill* that the two-part test to establish ineffective assistance of counsel, articulated earlier in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58, 106 S. Ct. 366. Under that test, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the defendant was prejudiced by the attorney error. *Id.* at 57-59, 106 S. Ct. 366. In the context of a challenge to a guilty plea, the defendant must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. 366. The Supreme Court added that an assessment of prejudice must include a prediction of the likely outcome at trial. *Id.* In the case of an unexplored affirmative defense or undiscovered evidence, this prediction of the likely outcome of trial is relevant to determine whether or not the potential defense or evidence would have caused counsel to change the recommendation as to the plea. *Id.*

*Id.*

Here, even if Eversole's counsel advised him that a life sentence would be likely if he proceeded to trial and was unsuccessful, that advice would not have been unreasonable. As the Magistrate Judge pointed out in his Recommended Disposition, Eversole faced substantial penalties including up to life imprisonment on Counts One and Two (depending on the quantity of drugs established), not more than twenty years imprisonment on Count Three, and not more than ten years imprisonment on Counts Four and Five. In light of the potential penalty regarding Counts One and Two, counsel arguably could have been ineffective if he did not advise of the potential for a life sentence. Thus, the fact that he allegedly did so is not unreasonable. Likewise, advising Eversole that his wife stood the possibility of being indicted for criminal conduct would not have been unreasonable. Again, the Magistrate Judge properly distinguished the two cases cited by Eversole: *Strader v. Garrison*, 611 F.2d 61 (4th Cir. 1979), and

*Ostrander v. Green*, 46 F.3d 347 (4th Cir. 1995), *overruled by O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir. 1996).

        3.        *The Alleged Failure to Advocate for a Specific Sentence or Present an Argument or Evidence at the Sentencing Hearing (Ground Five)*

As part of the parties' agreement, Eversole specifically agreed that he would not argue for a decrease of his offense level based on a mitigating role or a departure motion under the United States Sentencing Guidelines, § 5H. However, he was not precluded from seeking a departure under § 5K of the Guidelines. [Record No. 33] Despite these provisions of his Plea Agreement, Eversole claims that his attorney was ineffective by failing to "object to the sentence imposed or advocate for a specific sentence." [Record No. 52, p. 17]

Under *Strickland v. Washington*, 104 S. Ct. 2052 (1984), Eversole has failed to establish that his counsel's performance was deficient or that any alleged deficiency prejudiced him. The Court received and considered letters from family members as well as the statements presented during the sentencing hearing. Notwithstanding his current objections, this information was considered by the undersigned as part of the Petitioner's history and characteristics under 18 U.S.C. § 3553. However, these characteristics were not so compelling to justify a sentence below that imposed by the Court. In summary, contrary to Eversole's present arguments, the undersigned does not find any support for the contention that his attorney was ineffective. Likewise, Eversole has not established any prejudice from any claimed errors of his counsel.

## III.

Eversole also contends that the Magistrate Judge erred by evaluating the basis of his claims rather than summarily dismissing them under Rule 4 governing section 2255 proceedings.

Contrary to this assertion, the fact that the Magistrate Judge requested a response from the United States before recommending that the Petitioner's claims be dismissed does not mean that a valid controversy has been presented and that dismissal is not appropriate at this point on the merits.

Likewise, as noted above, the Court rejects Eversole's assertion that an evidentiary hearing is needed to resolve his claims. The Court has discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989). Here, the record clearly establishes that the Petitioner is not entitled to relief; therefore, no evidentiary hearing is necessary. *See* 28 U.S.C. § 2255(b); and *Green v. United States,* 65 F.3d 546 (6th Cir. 1995), *cert denied,* 516 U.S. 1098 (1996) ("Under Rule 8, if the record in the case conclusively indicates that a petitioner is not entitled to relief, an evidentiary hearing need not be conducted.).

**IV.**

The Court declines to issue a Certificate of Appealability in this matter. Eversole has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). Further, he has not demonstrated that a reasonable jurist would find this Court's assessment of the constitutional claims debatable or wrong under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000).

Eversole's guilty plea was knowingly and voluntarily made. It was not the result of coercion or intimidation by the government. However, the Court also concluded that the United States had probable cause to charge Eversole's wife with criminal conduct. Therefore, *even if* the Court were to accept Eversole's argument that discussions were held about bringing charges against his wife, such discussions would not constitute bad faith by the government.

The Court has also evaluated Eversole's assertion that his counsel was ineffective in connection with his sentencing hearing and finds that claim to be without merit. Simply put, the Court considered all relevant information at the time of the sentencing hearing and imposed an appropriate sentence in light of the recommended Guideline range and § 3553 factors. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Darrell Eversole's motion to vacate, set aside, or correct his sentence [Record No. 52] is **DENIED**.

2. The Recommended Disposition of United States Magistrate Judge Robert E. Wier [Record No. 63] is **ADOPTED** and **INCORPORATED** herein by reference.

3. The Petitioner's objections [Record No. 64] to the Magistrate Judge's Recommended Disposition are **OVERRULED**.

4. The Petition for Habeas Corpus relief under 28 U.S.C. § 2255 is **DISMISSED** and this matter is **STRICKEN** from the Court's docket.

This 1st day of February, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge